# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL KENT HIGGINS and TAMMY HIGGINS,<br><br>Plaintiffs<br><br>v.<br><br>GUSTAVO WILSON and HAZEL TRUCKING, LLC,<br><br>Defendants | Case No.: 2:19-cv-01145-APG-BNW<br><br>**ORDER REJECTING PROPOSED JOINT PRE-TRIAL ORDER**<br><br>[ECF No. 45] |

The parties' proposed Joint Pretrial Order (ECF No. 45) does not comply with Local Rules 16-3 and 16-4. For example, in their exhibit lists, the parties list what appears to be every document produced in this case. The parties also attempt to:

> further reserve the right to utilize any documents produced by [the other] during discovery, or utilize any exhibits listed herein by other parties to this action. [the parties] reserve the right to utilize and/or seek to publish and/or admit into evidence all deposition testimony, all affidavits filed or attached to any motion or pleading in this case, and all responses to discovery from any party in this case.

*See, e.g.*, ECF No 45 at 10. There are no such rights to reserve. Local Rule 16-3 requires the parties to list their trial exhibits in the proposed Joint Pretrial Order. The parties attempt to gloss over this error by stating "The parties reserve the right to object to exhibits. The parties have agreed to reserve any such objections until the time of trial. The parties will work together to generate a list of stipulated exhibits." *Id.* Again. there is no such "right" to reserve. Objections to each exhibit must be listed in the Joint Pretrial Order, as required by Local Rule 16-3. The parties are not allowed to later designate any document they choose to use at trial, or save their objections to a later date.

1	These problems are not cured by the parties' suggestion that they designate their exhibits
2	by 8:00 p.m. each night "so that any exhibit disputes/objections can be addressed by the Court
3	each morning before trial resumes." *Id.*  Kicking the can down the road like this creates delay
4	during the trial, wastes the jurors' time waiting for evidentiary rulings, and puts an unnecessary
5	burden on me.  Counsel need to do their job by complying with the Local Rules.

6	Local Rule 16-3(b)(8) requires parties to list their trial exhibits and objections in the Joint
7	Pretrial Order.  That requires counsel to think ahead of time about what documents and witnesses
8	they actually will use at trial.  The broad designations of all documents makes it impossible for
9	the parties to properly object ahead of time, as shown by the fact that neither party states the
10	grounds for any objections to the other side's exhibits, as required by Local Rule 16-3(b)(8)(B).

11	Because there are no objections to any exhibits, am I to presume that the parties stipulate
12	to the admission of all exhibits?  That is not clear from the Joint Pretrial Order.  I remind counsel
13	that "[s]tipulations on admissibility, authenticity, and/or identification of documents should be
14	made whenever possible." LR 16-3(8)(b).  The parties must confer about so stipulating, to avoid
15	the need to call Custodians of Records at trial and further waste the jurors' time.

16	Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation,
17	and to foster settlement.  The parties cannot simply wait to make trial decisions until the eve of
18	trial.  That prevents full participation in settlement discussions and deprives each side (and me)
19	the ability to efficiently prepare for trial, knowing what evidence must be addressed.  It is
20	apparent from the proposed Joint Pretrial Order that the parties ignored Local Rule 16-3.
21	/ / / /
22	/ / / /
23	/ / / /

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 45**) is **REJECTED**. The parties shall confer as required in Local Rule 16-3 and submit a Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by August 6, 2021.

DATED this 10th day of July, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE